# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STEVEN D. COLLYMORE,<br>      Plaintiff,<br><br>v.<br><br>TANNERY and<br>HICHAM ALI HASSAN<br>a/k/a SAM HASSAN,<br>      Defendants. | Civil Action No.<br>18-11634-LTS |

## MEMORANDUM AND ORDER

**SOROKIN, D. J.**

For the reasons stated below, defendant Tannery's motion to dismiss the original complaint is <u>DENIED</u> as <u>MOOT</u>, and defendant Tannery's motion to dismiss the amended complaint is <u>DENIED</u>.

    I.    Background

On August 2, 2018, pro se plaintiff Steven D. Collymore ("Collymore") filed a verified complaint against defendant Tannery and unnamed others alleging that he was discriminated against on the basis of race when he was approached by the store manager, asked to leave and told "we don't want your kind in here." Compl., pp. 4, 6, ECF No. 1.

On August 20, 2018, Collymore moved to amend his complaint, apparently to include the identity of the store manager. ECF No. 9. On September 6, 2018, Collymore's motion was allowed, and Collymore was ordered to file his amended complaint. On September 13, 2018, plaintiff filed an amended complaint. The single-page amended complaint, signed under the pains and penalties of perjury, identifies the defendants in the caption and alleges in full:

> On or around the week of December 10th 2017 I, Steven D. Collymore walked into the Tannery with hopes of purchasing a "Gucci" belt for a birthday gift for my then boyfriend.
>
> As I was browsing through the belt section located on the first floor of the Tannery near the cash register I immediately was made most uncomfortable and store employees made it abundantly clear that I was being closely watched.
>
> I ignored this blatant racial profiling as it is customary behavior throughout the majority of the establishments in and or around the Boylston, Newbury St. area especially if your African American.
>
> Before I could make my selection and "purchase" my belt I was approached now by the store manager and was asked to leave but not before the store manager stated to me, "we don't want your kind here"

Amended Compl., ECF No. 18 (syntax and punctuation in original).

On September 8, 2018, Tannery appeared in this action and moved to dismiss the original complaint. ECF Nos. 13, 14 and 15. Collymore filed his response to the motion to dismiss on October 4, 2018. ECF No. 25. On October 5, 2018, Tannery filed an almost identical motion to dismiss the amended complaint. ECF No. 26. Collymore did not respond to the second motion to dismiss.

II. Discussion

 A. <u>The Motion to Dismiss the Original Complaint is Moot.</u>

Tannery's motion to dismiss the original complaint (ECF No. 14) was no longer operative upon Collymore's filing of the amended complaint, as ordered by the Court. Accordingly, Tannery's motion to dismiss the original complaint (ECF No. 14) is <u>DENIED</u> as <u>MOOT</u>.  To the extent it were not moot, it would be denied for substantially the same reasons as the motion to dismiss the amended complaint is denied in section II(B), <u>infra</u>.

B. <u>The Motion to Dismiss the Amended Complaint is Denied.</u>

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). The Court "must take the allegations in the complaint as true and must make all reasonable inferences in favor of the plaintiffs." <u>Watterson v. Page</u>, 987 F.2d 1, 3 (1st Cir. 1993). And, because Collymore is proceeding pro se, the Court reads the complaint with "an extra degree of solicitude." <u>Rodi v. Ventetuolo</u>, 941 F.2d 22, 23 (1st Cir. 1991). "Yet even a pro se plaintiff is required 'to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" <u>Adams v. Stephenson</u>, 116 F.3d 464 (1st Cir. 1997) (quoting <u>Gooley v. Mobil Oil Corp.</u>, 851 F.2d 513, 515 (1st Cir. 1988) ). "[I]n a civil rights action as in any other action subject to notice pleading standards, the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." <u>Educadores Puertorriquenos en Accion v. Hernandez</u>, 367 F.3d 61, 68 (1st Cir. 2004).

Tannery moves to dismiss the Amended Complaint claiming that Collymore has not complied with the Federal Rules of Civil Procedure 8(a), 8(d) and 10. ECF No. 27. More specifically, Tannery claims "the lack of any legal theory of recovery and the failure to make its claims in paragraph form makes it impossible for the Tannery to frame a cogent response." <u>See</u> Tannery Memorandum in Support of Motion to Dismiss, ECF No. 27, p. 4. Tannery acknowledges, as it must, that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." <u>Erickson v. Pardus</u>, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007)(quoting <u>Estelle v. Gamble</u>, 429 U.S.

3

97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). And, while the Court agrees that the amended complaint is not perfect, inasmuch as it does not set forth the federal statute under which Collymore appears to be proceeding and does not include numbers to the four paragraphs, it meets the low bar of meeting the basic pleading requirements to state a claim upon which relief can be granted.

Here, Collymore appears to allege a garden-variety racial discrimination claim under 42 U.S.C §1981.[1] "To state a claim under § 1981, a plaintiff must show that (1) she is a member of a racial minority; (2) the defendant discriminated against her on the basis of her race; and (3) the discrimination implicated one or more of the activities listed in the statute, including the right to make and enforce contracts." Hammond v. Kmart Corp., 733 F.3d 360, 362 (1st Cir. 2013). For pleading purposes, all of the elements appear to be present. First, Collymore alleges that he is a member of a racial minority. Second, Collymore alleges that while shopping for a birthday present, he was approached by the manager and asked to leave the store and was told "we don't want your kind here." Third, Collymore claims that he was unable to complete the purchase because of Tannery's store manager's conduct. While a more structured complaint might provide better detail, the Court does not view the well-pleaded factual allegations of the amended complaint as failing to state a claim upon which relief can be granted.

---

[1] Section 1981 provides in pertinent part: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." 42 U.S.C. §1981.

III. Conclusion and Order

    A. Defendant Tannery's Motion to Dismiss the Complaint (ECF No. 14) is <u>DENIED</u> as <u>MOOT</u>.

    B. Defendant Tannery's Motion to Dismiss the Amended Complaint (ECF No. 26) is <u>DENIED</u>.

    C. The Clerk shall issue a summons for service of the amended complaint on defendant Hicham Ali Hassan. The Clerk shall send the summons, complaint, and this Order to the plaintiff, who must thereafter serve the defendant in accordance with Federal Rule of Civil Procedure 4(m). Plaintiff may elect to have service made by the United States Marshals Service. If directed by the plaintiff to do so, the United States Marshals Service shall serve the summons, complaint, and this Order upon the defendant, in the manner directed by the plaintiff, with all costs of service to be advanced by the United States. Notwithstanding this Order to the United States Marshal Service, it remains plaintiff's responsibility to provide the United States Marshal Service with all necessary paperwork and service information. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the plaintiff shall have 90 days from the date of this Order to complete service.

**SO ORDERED.**

Dated: January 8, 2019

        /s/ Leo T. Sorokin
    UNITED STATES DISTRICT JUDGE